By this Court :
Conceding for the purposes of this case that the proceeding in the Court of Common Pleas was under and by virtue o'f sections 1777 and 1778 , Revised Statutes, the question arises as to whether a reasonable compensation to his attorney should be included in the costs allowed to the plaintiff under section 1779, when the municipality had no solicitor to be first requested to bring the action, as provided in said section 1778.
The question must be answered in the negative, for the reason that the provision for including such compensation for the attorney is authorized only when *528 the solicitor has been first requested to bring the action, and has refused to do so.
If there is a solicitor and no such request is made upon him, there can be no compensation for the attorney included in the costs allowed to plaintiff, and if there is no solicitor the same result must follow, because it is the request and refusal that warrants the allowance of such fees.
The fact that there is no such solicitor does not have the legal effect to make it unnecessary to first make such request. The plaintiff knew before he began his action that there was no solicitor, and he began the action at his peril. He won his case, but he cannot be allowed to draw money from the public treasury to pay his counsel in the absence of a statute expressly authorizing him to do so. It has often been held by this court that money cannot be drawn out of the public treasury unless authorized by statute. Debolt v. Trustees, 7 Ohio St., 237; Anderson v. Commissioners, 25 Ohio St., 13; Strawn v. Commissioners, 47 Ohio St., 404; Clark v. Commissioners, 58 Ohio St., 107, and section 5, article 10 of the constitution.
It was held by this court in the unreported case of Kissel v. The Village of Columbus Grove, 53 Ohio St., 650, that compensation to his attorney could not be included when the costs allowed to the plaintiff in an action under said sections 1777, 1778, and 1779, where the village had no solicitor.
If it is desirable that compensation to the plaintiff’s attorney should be included in the costs allowed to the plaintiff in cases where there is no solicitor, the general assembly should so provide by statute, but in the absence of such provision in the statute, no such compensation can be allowed.

Judgment affirmed.